## ELSON v. TOWN OF WATERFORD.

(Circuit Court, D. Connecticut. June 28, 1905.)

No. 559.

1. HIGHWAYS—DEFECTS—INJURIES—PLEADINGS.

A complaint in an action against a town for injuries caused by a defect in a highway was not demurrable for failure to set forth with sufficient clearness that the defect relied on was the same defect as set out in the notice to the town required by Gen. St. Conn. 1902, § 2020, as such fault, if it existed, might be cured by amendment.

2. SAME—NOTICE—LOCATION OF DEFECT.

Where a notice of a defect in a highway alleged to have caused plaintiff's injuries was couched in such terms as were sufficient to enable an ordinarily intelligent person to find the place and understand how and when the accident occurred, it constituted a sufficient compliance with Gen. St. Conn. 1902, § 2020, requiring as a condition precedent to suit that a written notice of the injury, and a general description of the same, the cause thereof, and the time and place of its occurrence, be given within 60 days to a selectman of the town.

[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Highways, § 515.]

See 135 Fed. 247.

Shutz & Edwards, for plaintiff.
Brown & Perkins, for defendant.

PLATT, District Judge. This is an action under the Connecticut statute against the town for damages by reason of a defective highway. The defendant demurs on two grounds:

(1) Because the complaint is defective in form, in that it does not set forth with sufficient clearness that the defect relied upon is the same defect set out in the notice.

If such a fault existed, it could be easily removed by amendment, but I do not think that it exists. The objection is frivolous.

(2) Because the notice is insufficient, in that the place where the injury occurred is not described with the requisite certainty.

Gen. St. (Revision of 1902) § 2020, requires, as a condition precedent to the bringing of such a suit as this, that a "written notice of such injury and a general description of the same, and of the cause thereof, and of the time and place of its occurrence," shall be given within 60 days to a selectman of the town. The plain purpose of the statute is to provide that the local authorities shall receive timely information about injuries caused by defective highways, so that an early investigation of the facts can be instituted. If the notice is couched in such terms as to enable an ordinarily intelligent man to find the place and understand how and when the accident happened, it will be sufficiently specific. This notice seems, in the circumstances, to be quite definite, and gave the authorities all the information which they could have reasonably expected. It is not to be supposed that the Great Neck Road, at a point near the Hedden place, could have been so neglected that a large number of limbs of trees should have been permitted to extend out over the highway at a dangerously low height. If the fact were so, and the select-

men were put to confusion in making a selection, the fault ought not to be entirely imposed upon the personal representatives of the man who met his death in the way charged in the notice.

Let the demurrer be overruled, with costs.